UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON CHRISTENSEN,<br><br>Defendant. | CASE NO. CR16-44 RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

On September 3, 2020, the Court received a letter from Defendant in this matter. Dkt. #49. The letter, after highlighting the spread of COVID-19, the threat it posed to both Defendant and his family, and the effort to reduce incarcerated populations to reduce the spread in correctional facilities, requested that the Court consider allowing Defendant to serve the remainder of his sentence on home confinement. *Id.* at 1. In support of the request, Defendant focused primarily on the positive changes he has made in his life and his prospects of successfully transitioning to home confinement. *Id.*

The Court construes Defendant's letter as a motion for compassionate release and notes that the government's response is consistent with that conclusion.[1] For its part, the government

---

[1] The government has also noted that "pursuant to General Order 03-19, the government brought the defendant's letter to [the] attention of the Federal Public Defender to determine if counsel would be appointed for [defendant]. In an e-mail dated September 11, 2020, the Federal Public Defender indicated that no counsel would be appointed." Dkt. #54 at 1 n.1.

ORDER – 1

maintains that Defendant has failed to exhaust his administrative remedies—barring relief—and that, regardless, Defendant's motion should be denied on the merits because he is not at an elevated risk from COVID and, if released, would "pose[] a clear risk to the community." Dkt. #54 at 1–2. Finding it dispositive, the Court addresses the exhaustion of administrative remedies.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)). The First Step Act of 2018 recently expanded those circumstances by allowing prisoners to directly petition district courts for compassionate release after exhausting administrative remedies.

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction; or
>
>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflect amendment under the First Step Act).

Defendant's motion fails to comply with the clear requirement that he exhaust his administrative remedies prior to seeking relief from the Court. Defendant's first letter did not

ORDER – 2

address exhaustion. However, the government specifically argued that Defendant had failed to exhaust administrative remedies:

> To qualify for a reduction in sentence, the defendant bears the burden of showing he satisfied the exhaustion requirement. *See United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (citing cases). Here the defendant makes no reference to having made a request to the warden and, when checked, the Bureau of Prisons database contained no evidence of such a request.
>
> Based on the statutory text this provision is a mandatory precondition to eligibility for a reduction in sentence. Indeed, every appellate court to have considered this provision to date has so found. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (describing this perquisite as an "unyielding procedural requirement."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to meet this requirement is a "glaring roadblock foreclosing compassionate release."); *United States v. Franco*, [973 F.3d 465] (5th Cir. Sept. 3, 2020) (same); *United States v. Springer*, [820 F. App'x 788] (10th Cir. July 15, 2020) (same). Thus, as this Court has found, Christensen's motion must be denied on that basis. *United States v. Route*, 2020 WL 2063679 (W.D. Wash. Apr. 29, 2020).

Dkt. #54 at 6.

Despite the government's clear argument that he had failed to exhaust his administrative remedies and the clear weight of authority indicating that a failure to exhaust administrative remedies requires denial of a compassionate release motion, Defendant failed to address the matter in his reply. Dkt. #59. Rather, Defendant advances his initial arguments that COVID presents a significant risk to him and his family, that he has made significant strides during his time in prison, and that he has no intention of posing a risk of harm to others or the community if released. *Id.* The Court is sympathetic to Defendant's arguments—even though they are likely too general to warrant relief should Defendant exhaust his administrative remedies—but the law is clear. In light of his failure to exhaust administrative remedies, Defendant's motion must be denied.

//

//

ORDER – 3

Accordingly, and having considered Defendant's motion, the related briefing, the documents and exhibits submitted in support, and the remainder of the record, the Court ORDERS that Defendant's motion seeking compassionate release (Dkt. #49) is DENIED.

Dated this 2nd day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4